UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL GARCIA,<br><br>　　　　　Petitioner,<br><br>　　　v.<br><br>W.L. MUNIZ, Warden,<br><br>　　　　　Respondent. | Case No. CV 16-7787-JFW (SP)<br><br>MEMORANDUM AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR FAILURE TO PROSECUTE |

## I.
## **INTRODUCTION**

On October 19, 2016, petitioner Angel Garcia filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). Petitioner left the Petition entirely blank except for the caption page, his signature, and certain ministerial attachments.

On November 3, 2016, this Court, having screened the Petition, found the Petition subject to dismissal because by leaving it blank, petitioner failed to state what conviction he is challenging, the court in which he was convicted, or any indication of what claims he intended to raise as his basis for habeas relief. Accordingly, the Court dismissed the Petition with leave to file a First Amended Petition by December 5, 2016. Petitioner

failed to file a First Amended Petition, or any other communication with the Court, by the December 5, 2016 deadline.

To provide petitioner with another opportunity to address the deficiencies of the Petition discussed in the Court's November 3, 2016 Order prior to dismissal, on December 22, 2016, the Court issued an Order to Show Cause ("OSC") why the Petition should not be dismissed for failure to prosecute.  The Court ordered petitioner to show cause, on or before January 12, 2017, why this action should not be dismissed for failure to prosecute and/or comply with a court order.  Petitioner was warned in the OSC that failure to timely file and serve a response as directed would be deemed by the Court as consent to the dismissal of his Petition and this action.  More than two weeks having passed since the January 12, 2017 deadline, petitioner has not responded to the Court's OSC, and has not communicated with the Court since the filing of his Petition on October 19, 2016.  Petitioner has thus failed to prosecute this action, in contravention the Court's orders.  As such, this action will be dismissed without prejudice.

## II.

## **DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases authorizes the Court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Rule 4 also authorizes dismissals on procedural grounds.  *See* 28 U.S.C. foll. § 2254, Rule 4 Advisory Committee Note (1976); *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989). Additionally, Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts affirmatively requires a prisoner to file a petition that "must: (1) specify all the grounds for relief available to the petitioner; [and] (2) state the facts supporting each ground."  *See also James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.") (citation omitted).  Here, the Petition must be dismissed because it fails to state what conviction petitioner is challenging, the court in which he

was convicted, any facts supporting any grounds he may wish to assert, or any indication of what claims he intended to raise as his basis for habeas relief. Moreover, as discussed above, petitioner has failed to respond to the Court's orders and has therefore failed to prosecute this action.

It is well established that a district court has authority to dismiss a petitioner's action because of his or her failure to prosecute or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (weighing factors); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the court). When determining whether to dismiss a case for failure to comply with a court order, the district court weighs five factors including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik*, 963 F.2d 1260-61 (citation and internal quotation omitted).

In this case, the Court dismissed the Petition with leave to amend on November 3, 2016, and informed petitioner that his Petition was subject to dismissal for failing to state any ground for relief or any facts supporting any such grounds. Petitioner failed to file a First Amended Petition by the December 5, 2016 deadline. On December 22, 2016, Petitioner was then ordered to show cause why his Petition should not be dismissed for failure to prosecute. Petitioner failed to file a response to the Court's OSC by the January 12, 2017 deadline. Petitioner was warned in both the Court's November 3, 2016 Order and the Court's December 22, 2016 OSC that his failure to respond as directed may result in dismissal of this action without prejudice, but petitioner failed to respond as ordered. Petitioner's conduct indicates he does not intend to prosecute this case diligently, or at

<mark>Case 2:16-cv-07787-JFW-SP Document 10 Filed 02/08/17 Page 4 of 6 Page ID #:46</mark>

all, causing this action to languish, and impermissibly allowing petitioner to control the pace of the docket rather than the Court. *See Pagtalunan*, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."). Thus, the first and second factors weigh in favor of dismissal. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal.").

A rebuttable presumption of prejudice to defendants arises when a plaintiff unreasonably delays prosecution of an action. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted here. Where a party offers a poor excuse for failing to comply with a court's order, the prejudice to the opposing parties is sufficient to favor dismissal. *See Yourish*, 191 F.3d at 991-92. Here, petitioner has not offered any excuse for his failure to adequately respond to the Court's orders. Thus, the third factor also weighs in favor of dismissal.

It is a plaintiff's or petitioner's responsibility to move a case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). By failing to respond as ordered to either the Court's November 3, 2016 Order or the December 22, 2016 OSC, petitioner has not discharged this responsibility. Additionally, the Court cannot hear this matter on the merits because petitioner has left the Petition almost entirely blank, thereby failing to state any grounds for relief or any facts supporting any such grounds. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh petitioner's failure to respond to Court orders or move the case forward.

The fifth factor, the availability and consideration of less drastic sanctions, ordinarily counsels against dismissal. "Alternative sanctions include: a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees, the temporary suspension of the culpable counsel from practice before the court, . . . dismissal of the suit unless new counsel is secured[,] . . . preclusion of claims or defenses, or the imposition of fees and costs upon plaintiff's counsel. . . ."

<mark>4</mark>

*Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132 n.1 (9th Cir. 1987) (citation and internal quotation omitted). Warning the petitioner that failure to obey a court order will result in dismissal "can itself suffice to meet the 'consideration of alternatives' requirement." *Estrada v. Speno & Cohen*, 244 F.3d 1050, 1057 (9th Cir. 2001).

In the instant case, the Court attempted to avoid dismissal by: (1) issuing the November 3, 2016 Order dismissing the Petition with leave to amend, providing petitioner an opportunity to file a First Amended Petition; (2) in that November 3, 2016 Order, cautioning petitioner that failure to timely respond as ordered would result in a recommendation of dismissal; (3) after petitioner failed to respond as ordered by the deadline, issuing an OSC giving petitioner another three weeks to file a First Amended Petition; (4) again cautioning petitioner in its OSC that failure to timely respond as ordered may result in dismissal; and (5) waiting more than two weeks beyond the January 12, 2017 deadline in the OSC to issue this dismissal order. In addition, dismissal without prejudice is less drastic than dismissal with prejudice. As there appears to be no less drastic sanction than dismissal without prejudice now available, and because the Court warned petitioner of the consequences of his failure to respond, the fifth factor weighs in favor of dismissal.

//
//

Based on the foregoing, dismissal of the Petition without prejudice is warranted for failure to prosecute and to obey court orders.

## III.

## **CONCLUSION**

IT IS THEREFORE ORDERED that Judgment shall be entered dismissing the Petition and this action without prejudice.

DATED: February 8, 2017

_____
HONORABLE JOHN F. WALTER
UNITED STATES DISTRICT JUDGE

Presented by:

_____
SHERI PYM
UNITED STATES MAGISTRATE JUDGE